IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERVEN ZACHARY TAYLOR WALLS, ) <br> No. K-69769, ) <br> ) <br>        Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> C. JOHNSON, ) <br> ASSISTANT WARDEN AUSTIN, ) <br> THEODORE W. McABEE, and ) <br> STEPHEN A. JOHNSON, ) <br> ) <br>        Defendants. ) | Case No. 16-cv-00018-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Erven Zachary Taylor Walls is an inmate currently housed in Dixon Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights while he was housed at Centralia Correctional Center. Plaintiff claims a disciplinary report, investigation, and subsequent disciplinary conviction were the result of retaliation for having filed an administrative grievance. The disciplinary conviction was ultimately expunged.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint and attached documentation, in 2013, Plaintiff Walls lodged an administrative grievance against "C/O C. Johnson" ("Johnson") (Doc. 1, pp. 24-26). The grievance indicates Assistant Warden Austin was involved in the underlying factual scenario (Doc. 1, pp. 20, 24). It took until April 2014 for the grievance to proceed through the full administrative process, which did not go in Plaintiff's favor (Doc. 1, p. 20). One month later, on May 27, 2014, the disciplinary incident underlying this case occurred.

A confidential source reported to prison authorities—possibly Lt. McAbee—that inmate Crawford had shown him a homemade weapon hidden in Crawford's property box. Crawford explained to the informant that he intended to use it on his cellmate, Plaintiff Walls. Crawford indicated he resented that Walls had the top bunk. (Doc. 1, pp. 16-17.) Based on that intelligence report, the cell Walls and Crawford occupied was searched; a weapon was found in Crawford's property box, as described by the informant. Walls and Crawford were both placed in investigative custody, based on the prison rule that all inmates in a cell are responsible for all contraband found in the cell (Doc. 1, p. 17).

"C. Johnson," under the supervision of Lt. McAbee, investigated the incident. Assistant Warden Austin and Warden Flagg (who is not a defendant to this action) oversaw the investigation. Based on the investigatory report, Lt. McAbee issued Walls a disciplinary report, charging him with possessing dangerous contraband. A disciplinary hearing was held, with Lt. S. Johnson presiding. Walls was found guilty and punished with one month in segregation, a demotion to C-grade, the loss of privileges, and a disciplinary transfer.

According to Walls, he had no knowledge whatsoever of the weapon, which was not even in his property box—thus, he considered himself wrongfully convicted. He appealed, and the Administrative Review Board ("ARB") expunged the conviction and discipline (Doc. 1, p. 15). The ARB based its decision on the location of the weapon and the confidential informant's statement that inmate Crawford intended to use it on Walls—factors known at the time the cell was searched (Doc. 1, p. 15).

Plaintiff Walls contends C/O C. Johnson, Assistant Warden Austin, Lt. McAbee, and Lt. S. Johnson all acted in retaliation for Plaintiff's 2013 grievance. Plaintiff seeks monetary damages from the four defendants.

Based on the allegations in the complaint, the Court frames the *pro se* action as follows.

**Count 1: Defendants C. Johnson, Austin, McAbee, and S. Johnson retaliated against Plaintiff, in violation of the First Amendment.**

### Discussion

In order to state a claim for retaliation for exercising one's First Amendment right, a plaintiff must demonstrate that: "(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor" behind the retaliatory actions. *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006).

"[F]iling a non-frivolous grievance is a constitutionally protected activity sufficient to support a retaliation claim." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (citing *Thomson v. Washington,* 362 F.3d 969, 971 (7th Cir. 2004)). Convicting a prisoner of a false disciplinary offense would likely deter him from complaining about the misconduct of prison officials. The allegations also sufficiently link Plaintiff's grievance and the disciplinary action to Defendants C. Johnson and Assistant Warden Austin, who were referenced in the grievance. C/O Johnson and Assistant Warden Austin, along with Lt. McAbee, were intertwined in the investigation and issuance of the disciplinary charge, making it plausible for McAbee to have also been acting with a retaliatory motive. Therefore, a colorable First Amendment claim has been stated against those three defendants.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As already noted, the *Twombly* pleading threshold requires the complaint to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. There is simply nothing to suggest that Lt. S. Johnson, who chaired the disciplinary hearing, was acting in retaliation or with any knowledge of the 2013 grievance. Lt. Johnson will be dismissed without prejudice.

Count 1 shall proceed against only C/O Johnson, Assistant Warden Austin, and Lt. McAbee.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **LT. STEPHEN A. JOHNSON** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1** shall otherwise proceed against Defendants **C/O C. JOHNSON, ASSISTANT WARDEN AUSTIN, and LT. THEODORE W. MCABEE**.

The Clerk of Court shall prepare for Defendants **C/O C. JOHNSON, ASSISTANT WARDEN AUSTIN, and LT. THEODORE W. MCABEE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. Consequently, Plaintiff's motion for service of process at government expense (Doc. 5) is **DENIED**.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3). Plaintiff's motion for leave to proceed as a pauper (Doc. 2) will be decided in a separate order.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  January 28, 2016**

                                              _____
                                              **NANCY J. ROSENSTENGEL**
                                              **United States District Judge**