IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERVEN ZACHARY TAYLOR WALLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-18-NJR-DGW |
| ) | |
| C. JOHNSON, ASSISTANT WARDEN ) | |
| AUSTIN, and THEODORE W. MCABEE, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on Exhaustion filed by Defendants Johnson and Austin on June 1, 2016 (Doc. 29) be **GRANTED** and that the Court adopt the following findings of fact and conclusions of law.

INTRODUCTION

Plaintiff filed a Complaint on January 6, 2016, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at the Centralia Correctional Center when he was retaliated against for filing a grievance.  Plaintiff alleges that on June 21, 2013, he wrote out a grievance accusing Correctional Officer C. Johnson (a

Defendant)[1] of violating various rules of conduct related to an incident that occurred on May 16, 2013 that involved Defendant Austin.[2] The grievance process was completed in April 2014. Shortly thereafter, on May 27, 2014, Plaintiff was placed on investigative custody and issued a disciplinary ticket, allegedly by Defendant C. Johnson, because a weapon was found in his cell. A confidential informant told Defendant McAbee[3] about the weapon and that Plaintiff's cellmate intended to harm Plaintiff. However, because all contraband in a cell is attributed to all residents of the cell, Plaintiff was convicted on the disciplinary ticket. Plaintiff's conviction was ultimately expunged by the Administrative Review Board. Plaintiff is proceeding on one count of retaliation, in violation of the First Amendment.

Defendants seek summary judgment on the issue of exhaustion as to Plaintiff's claims against Defendants Austin and C. Johnson only (Doc. 30). Plaintiff responded to the Motion on July 7, 2016 (Doc. 33) to which Defendants replied and filed an exhibit (Docs. 34 and 35). A hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) was held on August 25, 2016.

## FINDINGS OF FACT

As indicated above, Plaintiff was issued the offending disciplinary ticket on May 27, 2014.

On June 10, 2014, Plaintiff filled out a grievance about the May 27, 2014 incident and subsequent findings of the Adjustment Committee (which recommended sanctions) (Doc. 30-1,

---

[1] Christopher Johnson was an Internal Affairs Lieutenant at Centralia during the relevant time period (Doc. 30, p. 2).

[2] Thomas Austin was the Assistant Warden of Programs at Centralia during the relevant time period (*Id.*).

[3] Ted McAbee was an Internal Affairs Major at Centralia during the relevant time period (*Id.*).

pp. 16-17).[4]   In this over-long grievance, Plaintiff complains that he should not have been issued a disciplinary ticket or been disciplined because the contraband was obviously not his (having been found in his cellmate's property box). For relief he sought expungement of his disciplinary report and that he be "transferred to Dixon C.C. for fear of retaliation by IA or Intel or Internal Affairs." The grievance does not mention Defendants C. Johnson or Austin but does mention Defendant McAbee's role in the investigation and subsequent issuance of the disciplinary ticket.[5]

Plaintiff's Counselor forwarded the grievance to the grievance officer on June 13, 2014 (*Id*. 16). The Grievance officer recommended that the grievance be denied and the Warden concurred on June 26, 2014 (*Id.* 14-15). The ARB however, recommended that the disciplinary report be expunged and the Director concurred on or around January 20, 2015 (*Id*. 1). As such, this grievance was fully exhausted.

Plaintiff also submitted a grievance, dated July 9, 2014 directly to the ARB (*Id*. 20-22). At the time, Plaintiff was housed at the Dixon Correctional Center. This grievance specifically states that he was being retaliated against by Defendant McAbee with respect to the disciplinary report related to the May 27, 2014 incident because of a previous grievance that Plaintiff had written about him. Plaintiff also states that a "Lt. Johnson Adjustment Committee Chair Person" also was retaliating against him for "two pending grievance" that Plaintiff wrote about

---

[4] The record contains two grievances dated June 10, 2014, one appears to be three pages long (which does not contain a counselor's response but which was received by the ARB on July 8, 2014) (Doc. 30-1, pp. 7-9) and the other is two pages long (which does contain a counselor's response and which was received by the ARB on July 14, 2014(*Id*. 16-17). The two grievances, however, are substantially the same.

[5] The grievance notes that two other correctional officers, Walker and Middleton, searched his cell and found the contraband.

him and his "brother that's a Internal Affair official c/o Johnson grievance # 55-07-13,[6] 11-12-13, and 38-11-13" (*Id.* 21). The grievance does not mention Defendant Austin. The ARB received the grievance on July 14, 2014. However, there is no evidence that it responded to the grievance. In his affidavit, Plaintiff clarifies that the July 9, 2014 grievance was "on S. Johnson" (Doc. 33, p. 3).[7]

There are no other relevant grievances in the record.

### CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving

---

[6] This is the June 21, 2013 grievance mentioned above that Plaintiff wrote about C. Johnson (Doc. 1, pp. 22-25).

[7] "S. Johnson" (i.e. Stephen A. Johnson) appears to be the Chairperson of the Adjustment Committee at Centralia (Doc. 30-1, p. 2). Plaintiff named both S. Johnson and C. Johnson in his Complaint. However, S. Johnson was dismissed without prejudice because the Complaint did not allege that he was "acting in retaliation or [that he had] [ ] any knowledge of the 2013 grievance" (Doc. 7, p. 4). Thus, Plaintiff only is proceeding on claims against C. Johnson.

party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the

case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* §504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v.*

*Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

Plaintiff only has exhausted his administrative remedies as to Defendant McAbee. Neither the June 10, 2014 grievance nor the July 9, 2014 grievance exhausts administrative remedies as to Defendants C. Johnson or Austin. First, neither grievance mentions Defendant Austin. While the July 9 grievance mentions a "warden" at the end, it is such a vague statement that no person would assume that Plaintiff was referring to Warden Austin. Second, the July 9 grievance, while mentioning C. Johnson, clearly attempts to claim that S. Johnson, his brother and Chairperson of the Adjustment Committee, retaliated against him for filing grievances against him and C. Johnson. In his affidavit, Plaintiff states that in fact C. Johnson was intimately involved in the search of his cell and the subsequent punishment; however, no such claim is made in Plaintiff's grievance. The grievance itself concerns the disciplinary proceedings that occurred in June, 2014 in which S. Johnson and Defendant McAbee played a role. That Plaintiff now believes that C. Johnson was the mastermind of the events, because of a 2013 grievance, is not the subject of the July 9, 2014 grievance nor is such a claim reasonably related to that grievance. The prison could not have been alerted to Plaintiff's claims against C. Johnson from the July 9, 2014 grievance and it fails to exhaust his administrative remedies as to that Defendant.

At the hearing, Plaintiff alluded to being somewhat afraid of mentioning names in

grievances because he was in segregation. The Court does not find that Plaintiff's unspecified fear would have prevented him from attempting to exhaust his administrative remedies. Indeed, Plaintiff did name names in his grievances, just not about the moving Defendants.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment on Exhaustion filed by Defendants on June 1, 2016 (Doc. 29) be **GRANTED**, that Defendants Austin and Johnson be **DISMISSED WITHOUT PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law. In light of this recommendation, only Defendant McAbee and the retaliation claim against him would remain.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: October 24, 2016**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**