IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERVEN ZACHARY TAYLOR WALLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-18-NJR-DGW |
| | ) |
| C. JOHNSON, ASSISTANT WARDEN AUSTIN, and THEODORE W. MCABEE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 45), which recommends that this Court grant Defendants' motion for summary judgment based on exhaustion of administrative remedies (Doc. 29). The Report and Recommendation was entered on October 24, 2016. Plaintiff filed a timely objection to the Report and Recommendation on November 7, 2016. (Doc. 46).

BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that Centralia Correctional Center employees, Correctional Officer Christopher Johnson ("C. Johnson"), Assistant Warden of Programs Thomas Austin, and Internal Affairs Major Ted McAbee, violated his constitutional rights. Specifically, Plaintiff claims the prison officials retaliated against him for filing a grievance against Defendant Austin

and Defendant C. Johnson for an incident that occurred on May 16, 2013.

Plaintiff alleges that on May 27, 2014, a confidential source told Defendant McAbee that Plaintiff's cellmate possessed a weapon in their shared cell and intended to use the weapon against Plaintiff. Officers received permission to search the cell and found a weapon in the cellmate's property box. (Doc. 1, at p. 16-17). The housing unit rules state that "[o]ffenders living in a double cell will be held accountable for the condition of the room. Both offenders will be responsible for any damage or contraband found in the room, unless the offender can establish the lack of his involvement." (Doc. 1, at p. 12). Defendant C. Johnson placed Plaintiff "on confinement" pending an investigation of the weapon. (Doc. 1, at p. 18-19).

Plaintiff filed two grievances directly with the Administrative Review Board ("ARB").[1] (Doc. 35—Grievance No. 11-06-14 filed on June 10, 2014); (Doc. 1—Grievance No. 21-06-14 filed on July 9, 2014). Following the ARB's final action on the grievances, Plaintiff filed a complaint with this Court asserting that Defendants McAbee, C. Johnson, and Austin retaliated against him for filing a prior grievance, when they wrongfully imposed discipline for his cellmate's weapon. (Doc. 1). On June 1, 2016, Defendants filed a Motion for Summary Judgment asserting that Plaintiff failed to exhaust his administrative remedies as to Defendants Austin and C. Johnson. (Doc. 29). Specifically, Defendants assert that Plaintiff failed to include Austin and C. Johnson in his original grievances. (Doc. 29, at p. 2).

---

[1] Certain grievances may be filed directly with the ARB, such as "decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned." (Doc. 30, p. 24). At the time Plaintiff filed the relevant grievance, he had been transferred to a different correctional facility.

Magistrate Judge Donald Wilkerson held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on August 25, 2016. (Doc. 43). Following the hearing, Magistrate Judge Wilkerson concluded that Plaintiff did not mention Defendants C. Johnson or Austin in his relevant grievances, and therefore he failed to exhaust his administrative remedies as to these individuals.[2] Plaintiff's timely objection raises identical arguments and evidence as those presented to Magistrate Judge Wilkerson.

## DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject, or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id., quoting* 12 Charles Alan Wright, et al., *Federal Practice and Procedure*, § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

The Prison Litigation Reform Act requires inmates to exhaust their administrative remedies, even if they are not seeking monetary damages. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). An inmate is required to "follow the rules governing filing and prosecution of a claim," in order to exhaust administrative remedies. *Pozo v. McCaughtry*, 286 F.3d

---

[2] It is undisputed that Plaintiff exhausted his administrative remedies as to Defendant McAbee. (Doc. 45, p. 8).

1022, 1025 (7th Cir. 2002).

As a prisoner in the State of Illinois, Plaintiff is required to follow the guidelines of the Illinois Administrative Code and exhaust all of the applicable remedies before turning to litigation in federal court. The Illinois Administrative Code requires that grievances must be filed with an offender's counselor and must be "filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." ILL. ADMIN. CODE TIT. 20 § 504.810(a); *See also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005). Further, the grievance must contain a factual account of what happened, when it happened, where it happened, and who was involved. An offender may file a grievance, even if he does not know the names of the individuals involved, **but in such a complaint, the offender must include as much descriptive information about the individuals involved as possible**. *Id.* § 504.810(b) (emphasis added); *Thornton*, 428 F.3d at 694.

Plaintiff did not exhaust his administrative remedies against Defendants C. Johnson or Austin. While Plaintiff filed numerous grievances concerning the weapon in the cell and subsequent events, only two grievances relate to his retaliation claim. A review of the June 10, 2014 grievance reveals no reference, explicit or otherwise, to Defendants C. Johnson and Austin. The July 9, 2014 grievance includes the name C. Johnson but only to point out that he is the brother of another prison official, Lieutenant Johnson. (Doc. 33-2, at p. 14) ("Lt. Johnson found Mr. Walls guilty because of two pending grievances that Mr. Walls has [sic] filed against him in retaliation to the Lt. Johnson violation of being unfair and impartial and retaliation against Mr. Walls from

filing a grievance against his brother that's a[n] Internal Affair[s] Official C/O Johnson.") There is no further reference to C. Johnson in the July 9, 2014 grievance. Plaintiff's assertions that this one reference to C. Johnson satisfies the description requirements of § 504.810(b) is patently unfounded. While Plaintiff certainly satisfied his obligations to name Lt. Johnson, no reasonable person can read the grievance as leveling an allegation of retaliation against C. Johnson. As such, he has failed to exhaust his administrative remedies as to Defendant C. Johnson.

Plaintiff's attempt to name Defendant Austin also was woefully insufficient to satisfy the requirements of § 504.810(b). Unlike the reference to C. Johnson, Defendant Austin's name never appears in either of the two relevant grievances. The only possible reference to Defendant Austin comes in the last sentence of his July 9, 2014 grievance. (Doc. 33-2, at p. 15) ("The warden failed to act in the violation of my rights which is called causation.") This sentence fails to provide sufficient information for three reasons. First, there are several possible allegations contained in the three page grievance, and it is impossible to ascertain which one Defendant Austin should have prevented. Second, Defendant Austin is an Assistant Warden and not *the* Warden of the facility. (Doc. 33-2, at p. 15). Third, Plaintiff acknowledges in his objection that Defendant Austin was one of three wardens at Centralia Correctional Center. (Doc. 46, at p. 3). Despite knowing this, Plaintiff referred only to "the warden," without any other identifying details.

Section 504.810(b) provides that when a prisoner does not know the name of the individual involved in an incident he must instead include "as much descriptive

information about the individuals involved as possible." ILL. ADMIN. CODE TIT. 20 § 504.810(b). Plaintiff made no attempt to describe the official in question and instead relied on a vague sentence with an incorrect title. This error is further compounded by the clear evidence that he in fact knew of the name and title of Defendant Austin before filing the July 9, 2014 grievance. (Doc. 33-2, at p. 9). As such, Plaintiff failed to exhaust his administrative remedies as to Defendant Austin.

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 45) and **GRANTS** Defendants' Motion for Summary Judgment (Doc. 29). Defendants C. Johnson and Austin are **DISMISSED** without prejudice. The only claim that remains in this action is Plaintiff's retaliation claim against Defendant McAbee.

**IT IS SO ORDERED.**

**DATED: February 15, 2017**

_Nancy J. Rosenstengel_
**NANCY J. ROSENSTENGEL**
**United States District Judge**