IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERVEN ZACHARY TAYLORWALLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-18-NJR-DGW |
| | ) | |
| THEODORE W. MCABEE and STEPHEN A. JOHNSON, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the motions for extension of time and to compel filed by Plaintiff (Docs. 90 and 91). The motion for extension of time is **DENIED AS MOOT** (Doc. 90) and the motion to compel is **GRANTED IN PART and DENIED IN PART** (Doc. 91).

Plaintiff is proceeding on one count of retaliation, the Defendants Johnson and McAbee retaliated against him by issuing a false disciplinary ticket in May, 2014, that led to a disciplinary hearing on June 10, 2014, because he had filed a grievance against them in 2013. Plaintiff served his first set of interrogatories on Defendants on March 15, 2017. He now seeks an order compelling responses to Interrogatories 3, 4, 6, 7, 8, and 9 (Doc. 91),[1] additional time to serve a second set of interrogatories (a copy of which he has not provided), and additional time to respond to the pending motion for summary judgment. Defendants have responded (Doc. 92). Plaintiff then filed a response to the motion for summary judgment on September 6, 2017 (Doc. 93).

Plaintiff interrogatories were mailed on March 17, 2017 (Doc. 76), the same day as the

---

[1] Plaintiff has provided both Defendants' answers and objections to his interrogatories. The answers and objections are contained on two separate documents. Defendant McAbee's answers are contained on pages 12-18 of Document 91, his objections are on pages 19-25; Defendant Johnson's answers are on pages 26-32 and his objections are on pages 33-39.

discovery deadline (Doc. 51). Plaintiff previously indicated that he was unaware that he should have served the discovery a full 30 days prior to the deadline so that Defendants had an adequate time to respond prior to the deadline.[2] On June 6, 2017, the discovery deadline was then extended to August 11, 2017 (Doc. 82). The Court considers Defendants' June 23, 2017 responses to Plaintiff's first set of interrogatories timely.

Federal Rule of Civil Procedure 37(a)(3)(B) provides that a party may seek to compel the production of documents or the answers to interrogatories, served pursuant to Rules 33 and 34, when a party refuses to answer or provides evasive or incomplete responses. Such interrogatories and requests must be made within the confines of Rule 26(b), which provides that:

> Parties my obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs it likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence" and that "is of consequence in determining the action." FED.R.EVID. 401. This Court enjoys "broad discretion in discovery matters" and in determining motions to compel. *James v. Hyatt Regency Chicago*, 707 F3d 775, 784 (7th Cir. 2013). In doing so, the Court keeps in mind that:

> Before restricting discovery, the court should consider 'the totality of the circumstances, weighing the value of the material sought against the burden of providing it,' and taking into account society's interest in furthering 'the truthseeking function' in the particular case before the court. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (quoting *Rowlin v. Alabama*, 200 F.R.D. 459, 461 (M.D.Ala. 2001)).

---

[2] This requirement was set forth in the Court's April 6, 2016 Scheduling Order (Doc. 24, p. 4).

In interrogatory 3, Plaintiff asks both Defendants:

> How long has the defendants work in the prison at Centralia Correctional Center and for the Illinois Department of Corrections, where are the defendants assigned, what are their duties, what do they remembers of the incident, what you wrote about the incident in any reports, has you ever been disciplined, if so what for [sic].

In response, Defendants (besides objecting), referred Plaintiff to their motion for summary judgment filed on June 5, 2017. Referring Plaintiff to another document is improper. Defendants should have provided an actual response to this request. Nonetheless, an additional response will not be compelled. Information concerning Defendant McAbee's job duties and title, his actions with respect to the May 27, 2014 incident, and his interactions with Plaintiff are outlined in his affidavit (Doc. 79-1, pp. 1-4). The affidavit provides the relevant information to Plaintiff sought in this interrogatory. The same is true of Defendant Johnson's affidavit (*Id*. pp. 6-9). Requiring additional response at this stage of the proceedings would merely elevate form over substance and is unnecessary.

> Interrogatory 4 states:
>
> Identify and attach a copy of any and all document showing who was supervising the defendants and giving the orders to take the steps that was taken against Plaintiff [sic].

Defendants respond by stating that they have no documents responsive to this request. The response is sufficient.

> Interrogatory 6 states:
>
> Who is the informant or his name or has this informant ever set anyone up like planting evidence on other inmates or have there ever been any complaints or accusations made on or about this informant who came to internal affairs McAbee or C. Johnson, by any internal affairs officials and produce the file for this informant [sic].

Defendants provided a list of objections including that the information was not relevant and that providing any information about the confidential informant would implicate the security of the

facility and would interfere with future investigations. The government is entitled to assert a confident informant privilege and Plaintiff has offered no reason or argument why such a privilege should be ignored. *See generally U.S. v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994). Any information about the confidential informant and his or her activities in matters unrelated to this case is irrelevant to the current proceedings.

>Interrogatory 7 states:
>
>Have Defendants ever been reprimanded for misbehavior, what are the history background of the defendants work history, including suit [sic].

Defendants refer Plaintiff to their affidavits and object on the grounds that the material requested is irrelevant. The Court agrees. Defendants' past conduct, work history, and other similar information is irrelevant to this lawsuit.

>Interrogatory 8 states:
>
>Has or have the defendants been disciplined or reprimanded for any grievance complaint plaintiff has filed against them that lead to the present 1983 complaint or suit [sic].

And, interrogatory 9 states:

>Have defendants been disciplined for any grievance plaintiff has submitted against them or reprimanded for the same.

Defendants objected on relevance grounds. The Court disagrees. Whether Defendants were reprimanded or sanctioned, because of a grievance filed against them by Plaintiff, is relevant to his claim that they retaliated against him for filing those grievances. However, these interrogatories are vague in that there is no time limitation. The Court assumes Plaintiff is referring to grievances written prior to June 2014, when he was before the Adjustment Committee on the disciplinary charges. The Court further assumes that said grievances would have grieved actions taken by these Defendants, that they were named in the grievances, and that they were aware of the

grievances.  As these two interrogatories are essentially the same, Defendants will be required to provide one response to the question: Were Defendants reprimanded or did they suffer any adverse employment consequence as a result of any grievance filed by Plaintiff against them from January 1, 2013 to June 10, 2014.  Defendants shall serve and file their response within ten (10) days of the date of this Order.  Plaintiff is likewise granted ten (10) days from service of the response to supplement his response to the motion for summary judgment.  Said supplement shall be no longer than 5 pages and need not restate arguments previously made.

In light of the limited relief Plaintiff has gained and the vagueness of the interrogatories propounded on Defendants for which relief has been granted (## 8 and 9), no sanctions will issue. And, the discovery deadline will not be extended further.  Plaintiff has had ample opportunity to conduct discovery, a motion for summary judgment and response have been filed, and Plaintiff has not specified what additional discovery he needs.

For these reasons, the motion for extension of time is **DENIED AS MOOT** (Doc. 90) and the motion to compel is **GRANTED IN PART and DENIED IN PART** (Doc. 91).   Defendants shall supplement their responses to interrogatories 8 and 9 (as combined and set forth by the Court above), within ten (10) days of the date of this Order.

**DATED: December 11, 2017**

        **DONALD G. WILKERSON**
        **United States Magistrate Judge**