IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERVEN ZACHARY TAYLOR WALLS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:16-cv-18-NJR-DGW |
| THEODORE W. MCABEE and STEPHEN A. JOHNSON, | ) |
| Defendants. | ) |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the "Motion to Rescind Previous Order and Grant Plaintiff's Second Interrogatories and Order Defendants to Answer" filed by Plaintiff, Erven Walls, on January 2, 2017 (Doc. 97). For the reasons set forth below, the motion is **GRANTED IN PART**.

### BACKGROUND

On July 8, 2017, Plaintiff mailed to Defendants a second set of interrogatories (Doc. 97). A few days later, on July 13, 2017, Plaintiff filed a motion for extension of time to file a response to the pending motion for summary judgment so that he could acquire the response to this second set of interrogatories (Doc. 84). At the time, the discovery deadline was August 11, 2017 but Defendants had already filed their motion for summary judgment on June 5, 2017 (Doc. 78). Plaintiff's motion was denied without prejudice because he had not attached a copy of his second set of interrogatories on July 13, 2017 (Doc. 87).

In response to that July 13, 2017 Order, Plaintiff filed a second motion to compel and a second motion for extension of time on July 26, 2017 (Docs. 90 and 91). Plaintiff did not attach

his second set of interrogatories to the motion for extension of time even though the second set of interrogatories is mentioned in the motion (Doc. 90). The motion to compel concerned and referenced Plaintiff's first set of interrogatories (Doc. 91). However, the Court mistakenly failed to recognize the attachments to the document also contained Plaintiff's second set of interrogatories (Doc. 91, pp. 7-10).[1] This oversight led the Court to find that because the Plaintiff had ample time to conduct discovery and because did not specify or attach a copy of additional discovery he needed (i.e. did not attach the second set of interrogatories), no additional discovery would be compelled (Doc. 95). Again, this Court erred in failing to recognize that Plaintiff *had* attached his second set of interrogatories, albeit to the wrong motion. In the meantime, on September 6, 2017, prior to the Court's December 11, 2017 Order, Plaintiff filed a response to the motion for summary judgment (Doc. 93).

## DISCUSSION

In light of the plain error, the Court **GRANTS IN PART** Plaintiffs "Motion to Rescind Previous Order . . ." (Doc. 97) and **VACATES IN PART** the December 11, 2017 Order only as to the ruling on the Motion for Extension of Time (Doc. 90). *See e.g. Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-2 (7th Cir. 2006) ("The authority of a district judge to reconsider a previous ruling in the same litigation . . . is governed by the doctrine of law of the case, which authorizes such reconsideration if there is a compelling reason . . . that makes clear that the earlier ruling was erroneous."). The Court now takes up Plaintiff's Motion for Extension of Time (Doc. 90).

As noted above, on June 6, 2017, the discovery deadline was extended to August 11, 2017. Therefore, Plaintiff's second set of interrogatories were timely served.

---

[1] This document contains 41 pages that are out of order. In addition, the numbers generated by CM/ECF as headers are transposed.

As set forth in the Court's previous Order, interrogatories must be made within the confines of Rule 26(b), which provides that:

> Parties my obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs it likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence" and that "is of consequence in determining the action." FED.R.EVID. 401. This Court enjoys "broad discretion in discovery matters" and in determining motions to compel. *James v. Hyatt Regency Chicago*, 707 F3d 775, 784 (7th Cir. 2013). In doing so, the Court keeps in mind that:

> Before restricting discovery, the court should consider 'the totality of the circumstances, weighing the value of the material sought against the burden of providing it,' and taking into account society's interest in furthering 'the truthseeking function' in the particular case before the court. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (quoting *Rowlin v. Alabama*, 200 F.R.D. 459, 461 (M.D.Ala. 2001)).

Interrogatories 1-4 seek information about Plaintiff's keep separate from ("KSF") list. These interrogatories are related to Plaintiff's December 1, 2013 grievance concerning a fight and subsequent discipline that was imposed on Plaintiff. While the fact that Plaintiff wrote a grievance on that date may be relevant, the particulars relating to the truth of the content of that grievance are not relevant. In this matter, Plaintiff is alleging that Defendant McAbee knew about the grievance and retaliated against him as a result. Plaintiff's KSF list, the knowledge of the Internal Affairs Department (of which McAbee was a part) as a whole, or the events prior to the writing of that grievance, are not relevant to these proceedings. For this reason alone, Plaintiff's motion is further **DENIED** as to interrogatories 1-4.

The Scheduling Order in this case limited interrogatories to 15 each (Doc. 24). Plaintiff already had served a first set of interrogatories which numbered 11; therefore, he could serve 4 more – his second set of interrogatories contain 18. As set forth above, the first four interrogatories in Plaintiff's second set are irrelevant. In order to seek responses to the remainder, Plaintiff was required to show good cause. "Usually, 'good cause' is 'occasioned by something that is not within the control of the movant." *Pyles v. Nwaobasi*, 829 F.3d 860, 866 (7th Cir. 2016). Such a showing was not made in the Motion for Extension of time. Besides stating that the discovery is necessary and that the motion is made on "good faith" there is no argument that good cause exists for increasing the number of interrogatories (*See* Doc. 90, pp. 1-2). For this reason alone, Plaintiff's motion is **DENIED** as to interrogatories 5-18.

Even if Plaintiff were able to show good cause (the Court is mindful that he requested counsel a number of times), requiring Defendants to respond to the interrogatories, at this stage of the case, would be an exercise in futility and would not be proportional to the needs of this case. The Court has before it a fully briefed motion for summary judgment and response. Much of the answers to the (few) relevant interrogatories that Plaintiff seeks to propound are already contained in the record through the documents and affidavits. Any further delay in this case in order for Defendants to provide additional answers that are already contained in the record would not advance this matter towards resolution.

## CONCLUSION

For the foregoing reasons, the Motion to Rescind Previous Order . . ." (Doc. 97) is **GRANTED IN PART**, the December 11, 2017 Order is **VACATED IN PART** (Doc. 95), and the Motion for Extension of Time (Doc. 90) is hereby is **DENIED**.

**DATED: February 27, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**